IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:08 CR 111 |
| ) | |
| CLAUDIA ANDRADE MARTINEZ ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Vacate, Set Aside, or Correct Sentence - Pursuant to 28 U.S.C. § 2255(f)(3), filed by Petitioner, Claudia Andrade Martinez, on January 24, 2013 (DE # 143). For the reasons set forth below, the section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to petitioner (Inmate Reg. No. 09827-027), Danbury Federal Correctional Institution, Inmate Mail/Parcels, Route 37, Danbury, CT 06811, or to such other more current address that may be on file for the petitioner.

**I.    BACKGROUND**

On July 2, 2008, Martinez was charged with her co-defendant, Jorge Quintero, in an indictment. Martinez was charged with: bank robbery by force, violence, or intimidation and aiding and abetting in violation of 18 U.S.C. §§ 2113(a) and 2 (Count 1); discharge of a firearm in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. § 924(c)(1), 2113(a), and 2 (Count 2); and unlawfully entering and remaining in the United States in violation of 8 U.S.C. § 1325(a) (Count 5).

Following a two-day jury trial, Martinez was found guilty of Count 1 and Count 5, and not guilty on Count 2 of the indictment. On June 29, 2009, this court held a sentencing hearing for Martinez and she was sentenced to a total term of imprisonment of 121 months, consisting of a term of 121 months on Count 1 and a term of 6 months on Count 5, both to be served concurrently with each other. Judgment was entered on July 1, 2009.

Martinez filed a direct appeal with the Seventh Circuit on July 9, 2009. The Seventh Circuit issued a mandate on September 16, 2010, finding the jury instructions were proper, dismissing Martinez's appeal, and affirming her conviction and sentence. *United States v. Jorge Quintero and Claudia Andrade Martinez*, 618 F.3d 746 (7th Cir. 2010).

Martinez filed the instant motion to vacate her sentence under section 2255 on January 24, 2013 (DE #143). Citing to *Perry v. New Hampshire*, 132 S. Ct. 716 (2012), she argues that the circumstances surrounding her identification were impermissibly suggestive. The Government filed a response in opposition on February 25, 2013 (DE #145). Martinez did not file a reply. As such, this motion is fully briefed and ripe for adjudication.

II.   **DISCUSSION**

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing petitioner's motion, the court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the court assessed Martinez's claims with these guidelines in mind.

### III.   STATUTE OF LIMITATIONS

Martinez's argument is slightly difficult to decipher, but she seems to argue that there was an improper witness identification which was impermissibly suggestive. This argument fails for several reasons, including timeliness and lack of merit.

Section 2255 contains a 1-year statute of limitations which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). "[A] collateral attack under § 2255 must be filed within one year after the

date on which the judgment of conviction becomes final . . . ." *United States v. Woods*, 169 F. 3d 1077, 1078 (7th Cir. 1999).

In this case, Martinez's conviction became final on September 16, 2010, the date of the Seventh Circuit mandate. Because Martinez did not seek certiorari, "the conclusion of proceedings in the court of appeals marks finality under § 2255 ¶ 6(1)." *Garrott v. United States*, 238 F.3d 903, 904 (7th Cir. 2001) (citing *Gendron v. United States*, 154 F.3d 672 (7th Cir. 1998)). Martinez's section 2255 motion was not filed until January 24, 2013,[*] well outside of the 1-year statute of limitations. No Government action prevented Martinez from filing a timely petition, and there is no Supreme Court decision that creates a retroactively applicable right for Martinez.

Martinez does claim "[s]ince the filing of notice of appeal, Petitioner has not communicated with counsel and just learned her case was decided on appeal in 2010 (through inmate LEXISNEXIS)." (DE #143, p. 3.) It is possible for the one-year limitations period to be equitably tolled. *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013). Equitable tolling applies where the petitioner has diligently pursued her rights but some extraordinary circumstance prevented her from timely filing her motion. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). The Seventh Circuit has "yet to identify a factual circumstance so extraordinary that it warrants equitable tolling." *Johnson v. Chandler*, 224 F. App'x 515, 519 (7th Cir. 2007). Here, Martinez has not set forth any factual basis for

---

[*] It appears from the envelope that Martinez initially tried to mail her section 2255 motion to Lafayette, Indiana, and that it was post marked January 22, 2013. Regardless, it was mailed well after the one year statute of limitation.

implementing equitable tolling. She provides no evidence or allegations of any obstacles or extraordinary circumstances that prevented her from filing a timely motion; thus, she did not diligently pursue her rights and equitable tolling of the one-year limitation is not available. Accordingly, this petition fails because it is barred by the one-year statute of limitations.

Even assuming, *arguendo,* that this motion was timely, it would still fail on the merits. Martinez cites to *Perry v. New Hampshire*, 132 S. Ct. 716 (2012), for the proposition that her sentence is improper. That case involved witness identification, and was favorable to the Government - holding the introduction of eyewitness testimony without preliminary judicial assessment of its reliability did not render defendant's trial fundamentally unfair. More importantly, *Perry* is factually irrelevant to Martinez's situation. Martinez's identification was not at issue in this case - she drove the getaway car, led the police on a high-speed car chase, caused an accident, exited the vehicle, began running away, a foot chase pursued, and she was finally apprehended and captured at the scene. (Presentence Investigation Report ¶ 19.) Thus, there are no "impermissibly suggestive" identification issues in this case, and her citation to *Perry* is misguided.

IV.   **CONCLUSION**

For the aforementioned reasons, the section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to petitioner (Inmate Reg. No. 09827-027), Danbury

Federal Correctional Institution, Inmate Mail/Parcels, Route 37, Danbury, CT 06811, or to such other more current address that may be on file for the petitioner.

**SO ORDERED.**

Date: September 17, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT